order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

In the Matter of the Administration of the Estate of JAMES A. HAMILTON, Deceased.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the February term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ.

WILLETTS CONSTRUCTION COMPANY, INC., Appellant, v. ELIZABETH WILLETTS and Others, etc., Respondents.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the February term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ.

ALGIER SHOE MANUFACTURING COMPANY, INCORPORATED, Plaintiff, v. I. RAVICH & SONS, Defendant.— Exceptions overruled, motion for new trial denied, and judgment directed for defendant, with costs. No opinion. Kelly, P. J., Jaycox, Manning, Kapper and Lazansky, JJ., concur.

BRUNO AMATO, Respondent, v. JOHN R. LANZA, JOSEPH LANZA and ROSARIO LANZA, Appellants.— Judgment modified by striking therefrom the provision for the recovery by plaintiff of costs, and as so modified unanimously affirmed, without costs. Order denying defendants' motion for a retaxation of costs awarded to plaintiff by disallowance thereof, and for a taxation so as to allow the defendants costs, modified by granting so much of the motion as asked for a disallowance of costs to the plaintiff, and by denying the defendants' application for an allowance of costs, and as modified affirmed, without costs. No opinion. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

EDWARD ANDERSON, Appellant, v. MARY E. K. CONKLIN, HOWARD CONKLIN, CHAUNCEY K. CONKLIN and GEORGE H. STRONG, Copartners, etc., Respondents. GEORGE JACKSON, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

HARRY BERFOND, Appellant, v. WILLIAM H. GRIFFIN, Respondent.— Judgment reversed upon the law, and new trial granted, costs to abide the event. We are of opinion that the memorandum of purchase, plaintiff's Exhibit 1, cannot be regarded as an option. It is sufficient, as a contract of sale, to bind defendant; and being so regarded, we think the request of plaintiff for an adjournment was a reasonable one, and should have been complied with. Kelly, P. J., Manning, Young and Lazansky, JJ., concur; Kapper, J., dissents, and votes to affirm, upon the ground that equitable principles do not apply under the circumstances here shown, the vendor having parted with the title after the time fixed for the making of the contract, and before the action was brought; and that as time was of the essence of the contract, even assuming that the paper was not an option, but was a contract, the default in making the down payment was wholly that of the vendee, and released the vendor from any obligation to perform.

JOSEPH F. BROWN, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

LOUIS CHEREY and MINNIE NITKE, Appellants, v. MARGARET McLAUGHLIN, Respondent.— Judgment reversed upon the law, with costs, and judgment